## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

JESSICA REESE and DAVID MONCADA,
on behalf of themselves
and all others similarly situated,
  Plaintiffs,

  v.

PROGRESSIVE DIRECT INSURANCE
COMPANY,
  Defendant.

Civil Action No. 1:22-cv-10539-ADB

## <u>PLAINTIFFS' AMENDED COMPLAINT<br>AND DEMAND FOR JURY TRIAL</u>

  Plaintiffs, Jessica Reese ("Reese") and  David Moncada ("Moncada") (collectively, "Plaintiffs") hereby bring this action on behalf of themselves and all others similarly situated against Defendant, Progressive Direct Insurance Company (hereafter "Progressive" or "Defendant") to recover damages for themselves and the Class, as defined herein, arising from Defendant's unfair, willful, deceptive, and knowing unlawful practice and policy of refusing to adjust and to tender payment all aspects of third-party claimant's property damage claims. That is, Progressive refuses to adjust the third-party claimant's vehicle's inherent diminution in value ("IDV") their automobiles suffered as a result of covered property damage losses.

  Reese and Moncada assert that these acts and omissions violate both Massachusetts Law and the terms of the Standard Massachusetts Automobile policies issued to Progressive's insureds.

## <u>THE PARTIES</u>

1.  Plaintiff, Jessica Reese, is a resident of Salem, Massachusetts.

2.  Plaintiff, David Moncada, is a resident of Lynn, Massachusetts.

3.  Defendant, Progressive, is an automobile insurance company, with a principal office located at 300 Unicorn Park Drive, Suite 400 Woburn, Massachusetts.  At all relevant times hereto, Progressive was in the business of providing automobile insurance to individual consumers throughout Massachusetts.

## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over Progressive because it maintains a principal office located in Massachusetts, and further, by virtue of its transactions, marketing, advertising and/or conducting trade/business throughout the Commonwealth at all times relevant hereto.

5.  Upon information and belief, this Court has jurisdiction over the claims contained herein as the Defendant has removed this claim under the Class Action Fairness Act of 2005.

## FACTUAL ALLEGATIONS

### Plaintiff, Jessica Reese's October 24, 2019 Motor Vehicle Collision

3.  On October 24, 2019, Reese's 2017 Kia was involved in a motor vehicle collision/loss ("Loss").

4.  The Loss occurred due to the negligence of Taisha Marie Rodriguez, who was driving Carmen Hernandez's 2002 Honda, MA Plate Number: 8TF827.

5.  Plaintiff's vehicle suffered property damage as a result of the Loss.

6.  At the time of the Loss, Carmen Hernandez's 2002 Honda was insured under a policy of insurance issued by Progressive ("Policy"), which policy provided indemnity benefits available to pay for third-party property damage losses.

7.  Progressive determined that its insured's policy covered the subject loss.

8.  Progressive determined that its insured vehicle driver was liable for the loss and resulting damage.

9.  Progressive determined that Part 4 of Hernandez's policy with Progressive provided coverage for the loss.

10. Following the Loss, on March 2, 2021, Reese made a demand for payment to Progressive for the inherent diminished value ("IDV") loss/damages suffered as a result of the collision.

11. In addition, on March 8, 2021, *via* email, Reese submitted the demand for payment of her IDV damages and supporting exhibits to Natasha Carter of Progressive.

12. At the time of the demand, Progressive was in possession of the repair estimate for Reese's vehicle, photographs of the relevant damage, and also the NADA guides Value Report specifically for her vehicle.

13. Progressive received Reese's IDV demand and supporting material/exhibits.

14. As of March 8, 2021, Progressive possessed all of the information necessary to fully adjust Reese's IDV claim.

15. Progressive assessed the amount of IDV damage suffered to Reese's Vehicle.

16. Immediately prior to the subject collision, Reese's vehicle had a clean retail value of $15,850.00.

17. As a result of the subject collision, Reese's vehicle only maintained a post-repair rough trade in value of $10,275.00.

18. Reese cooperated with Progressive in relation to her IDV damage claim.

19. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired), is worth less in the resale market than a comparable vehicle that has not suffered such damage.

20. A vehicle that has been involved in a collision and has suffered damage (even if subsequently repaired) is worth less in the resale market than a comparable vehicle that has not suffered such damage ("inherent diminished value" or "inherent diminution in value").

21. Progressive was required to tender/pay to Reese monies for all property damage to her vehicle sustained, including IDV, as a result of its insured's liability.

22. Progressive was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including inherent diminution in value, caused by a covered loss.

23. Progressive was required to tender/pay Reese for the inherent diminution in value of her vehicle under Massachusetts statutory and/or regulatory law when it adjusted her property damage claim.

24. Progressive was required to tender/pay Reese for the inherent diminution in value of her vehicle under the provisions of the Policy it issued to its insured.

25. Progressive was required to tender/pay Reese for the inherent diminution in value of her vehicle under Massachusetts common-law.

26. Progressive did not tender to Reese any consideration for the inherent diminution in value her vehicle suffered as a result of the subject loss.

27. Reese's vehicle was worth less in the resale market than a comparable vehicle that had not suffered collision damage.

28. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value immediately after a collision and repair.

29. Progressive was required to pay Reese damages for the inherent diminution in value to her vehicle due to the subject loss.

30. Reese was entitled to consideration for the inherent diminution in value damages her vehicle suffered as a result of the subject loss.

31. Progressive was required to pay Reese damages for the inherent diminution in value due to the subject loss at the time Reese presented her property damage claim.

32. Progressive was required to pay Reese and the Class damages for the inherent diminution in value to their vehicles at the same time it made payment to Reese and/or the Class for the repair costs aspect of their respective property damage claims.

33. Progressive was required to tender/pay Reese and/or the Class for the inherent diminution in value of their vehicles under Massachusetts statutory and/or regulatory law at the same time it made payment to Reese and the Class for the repair costs aspect of their respective property damage claims.

34. Progressive was required to tender/pay Reese and/or the Class for the inherent diminution in value of their vehicles under Massachusetts common-law at the same time it made payment to Reese and the Class for the repair costs aspect of their respective property damage claims.

35. Progressive was required to tender/pay Reese and/or the Class for the inherent diminution in value of their vehicles under the policies issued to its insureds at the same time it made payment to Reese and the Class for the repair costs aspect of their respective property damage claims.

36. Progressive purposefully concealed the recoverability of the subject inherent diminution in value damage from Reese.

37. Progressive purposefully refused to pay Reese inherent diminution in value after receipt of Reese's property damage claim.

38. Progressive purposefully refused to pay Reese inherent diminution in value despite its reasonably clear liability to make payments for the same.

39. Progressive failed to tender/pay Reese the inherent diminution in value her vehicle suffered at the time it adjusted and made an offer to pay Reese the costs to repair her vehicle.

40. Progressive violated Massachusetts law by failing to adjust and tender inherent diminution in value damages owed to Reese.

41. Progressive violated Massachusetts law by failing to adjust and tender inherent diminution in value damages owed to Reese at the time it made the other payments on Reese's property damage claim.

42. Progressive violated the terms of the Policy by failing to adjust and tender inherent diminution in value damages owed to Reese.

43. Progressive violated the terms of the Policy by failing to adjust and tender inherent diminution in value damages owed to Reese at the time it made payments on Reese's property damage claim.

44. Progressive's acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

45. Progressive has engaged in substantially similar violations of Massachusetts law, as described herein, with respect to numerous similarly situated third-party claimants.

46. Progressive has engaged in substantially similar breaches of the terms of its insurance policies, as described herein, with respect to numerous similarly situated third-party claimants.

47. Progressive's fails to pay/tender to third-party claimants inherent diminution in value damages even after it determines that its insured is liable for such damages to third-party claimants.

48. Progressive's fails to pay/tender to third-party claimants inherent diminution in value damages even after it determines that its insured is liable for damages to the vehicles of third-party claimants in instance where third-party claimants have made third-party property damage claims.

49. Upon information and belief, Reese and numerous other similarly situated individuals have been harmed and damaged by Progressive's claims settlement practices as described herein, including but not limited to the amount of all monies owed to third-party claimants for inherent diminution in value to their vehicles (with interest thereon).

### **Plaintiff, David Moncada's September 28, 2020, Motor Vehicle Collision**

50. On September 28, 2020, Moncada's 2019 Toyota Highlander was involved in a motor vehicle collision/loss ("Loss").

51. The Loss occurred due to the negligence of Lorenzo Esteban-Esteban who was operating a 2002 Ford F550 vehicle (Reg. No. T77164).

52. Plaintiff, Moncada's vehicle suffered property damage as a result of the Loss.

53. At the time of the Loss, Lorenzo Esteban-Esteban's 2002 Ford F550 was insured under a policy of insurance issued by Progressive ("Policy"), which policy provided indemnity benefits available to pay for third-party property damage losses.

54. Progressive determined that its insured's policy covered the subject loss.

55. Progressive determined that its insured vehicle driver was liable for the loss and resulting damage.

56. Progressive determined that Part 4 of Esteban-Esteban's policy with Progressive provided coverage for the loss.

57. Following the Loss, on March 22, 2021, Moncada made a demand for payment to Progressive for the inherent diminished value ("IDV") loss/damages suffered as a result of the collision.

58. In addition, on March 22, 2021, Moncada submitted the demand for payment of his IDV damages and supporting exhibits to Leluo Ding of Progressive.

59. At the time of the demand, Progressive was in possession of the repair estimate for Moncada's vehicle, photographs of the relevant damage, and also the NADA guides Value Report specifically for his vehicle.

60. Progressive received Moncada's IDV demand and supporting material/exhibits.

61. Progressive possessed all materials necessary to adjust the IDV aspect of Moncada's property damage claim.

62. On or about March 22, 2021, Progressive possessed all of the information necessary to fully adjust Moncada's IDV claim.

63. Progressive assessed the amount of IDV damage suffered to Reese's Vehicle.

64. Immediately prior to the subject collision, Moncada's vehicle had a clean retail value of $36,425.00.

65. As a result of the subject collision, Moncada's vehicle only maintained a post-repair rough trade in value of $29,850.00.

66. On March 22, 2022, Moncada made a demand for payment to Progressive for his IDV damages pursuant to: MGL c. 176D and MGL c. 93A.

67. Moncada cooperated with Progressive in relation to his IDV damage claim.

68. Progressive was required to tender/pay to Moncada monies for all property damage to his vehicle sustained, including IDV, as a result of its insured's liability.

69. Progressive was required to tender/pay, on behalf of its insured, all sums the insured would become legally obligated to tender/pay as damages for destruction of property, including inherent diminution in value, caused by a covered loss.

70. Progressive was required to tender/pay Moncada for the inherent diminution in value of his vehicle under Massachusetts statutory and/or regulatory law when it adjusted her property damage claim.

71. Progressive was required to tender/pay Moncada for the inherent diminution in value of his vehicle under the provisions of the Policy it issued to its insured.

72. Progressive was required to tender/pay Moncada for the inherent diminution in value of his vehicle under Massachusetts common-law.

73. Progressive did not tender to Moncada any consideration for the inherent diminution in value his vehicle suffered as a result of the subject loss.

74. Moncada's vehicle was worth less in the resale market than a comparable vehicle that had not suffered collision damage.

75. Inherent diminished value is calculated as the difference between the market value of an automobile immediately before a collision, and its market value immediately after a collision and repair.

76. Progressive was required to pay Moncada damages for the inherent diminution in value to his vehicle due to the subject loss.

77. Moncada was entitled to consideration for the inherent diminution in value damages his vehicle suffered as a result of the subject loss.

78. Progressive was required to pay Moncada damages for the inherent diminution in value due to the subject loss at the time Moncada presented her property damage claim.

79. Progressive was required to pay Moncada and the Class damages for the inherent diminution in value to their vehicles at the same time it made payment to Moncada, and/or the Class for the repair costs aspect of their respective property damage claims.

80. Progressive was required to tender/pay Moncada and/or the Class for the inherent diminution in value of their vehicles under Massachusetts statutory and/or regulatory law at the same time it made payment to Moncada, and the Class for the repair costs aspect of their respective property damage claims.

81. Progressive was required to tender/pay Moncada, and/or the Class for the inherent diminution in value of their vehicles under Massachusetts common-law at the same time it made payment to Moncada and the Class for the repair costs aspect of their respective property damage claims.

82. Progressive was required to tender/pay Moncada, and/or the Class for the inherent diminution in value of their vehicles under the policies issued to its insureds at the same time it made payment to Moncada and the Class for the repair costs aspect of their respective property damage claims.

83. Progressive purposefully concealed the recoverability of the subject inherent diminution in value damage from Moncada.

84. Progressive purposefully refused to pay Moncada inherent diminution in value after receipt of Moncada's property damage claim.

85. Progressive purposefully refused to pay Moncada inherent diminution in value despite its reasonably clear liability to make payments for the same.

86. Progressive failed to tender/pay Moncada the inherent diminution in value his vehicle suffered at the time it adjusted and made an offer to pay Moncada the costs to repair her vehicle.

87. Progressive violated Massachusetts law by failing to adjust and tender inherent diminution in value damages owed to Moncada.

88. Progressive violated Massachusetts law by failing to adjust and tender inherent diminution in value damages owed to Moncada at the time it made the other payments on Moncada's property damage claim.

89. Progressive violated the terms of the Policy by failing to adjust and tender inherent diminution in value damages owed to Moncada.

90. Progressive violated the terms of the Policy by failing to adjust and tender inherent diminution in value damages owed to Moncada at the time it made payments on Moncada's property damage claim.

91. Progressive's acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

92. Progressive has engaged in substantially similar violations of Massachusetts law, as described herein, with respect to numerous similarly situated third-party claimants.

93. Progressive has engaged in substantially similar breaches of the terms of its insurance policies, as described herein, with respect to numerous similarly situated third-party claimants.

94. Progressive's fails to pay/tender to third-party claimants inherent diminution in value damages even after it determines that its insured is liable for such damages to third-party claimants.

95. Progressive's fails to pay/tender to third-party claimants inherent diminution in value damages even after it determines that its insured is liable for damages to the vehicles of third-party claimants in instance where third-party claimants have made third-party property damage claims.

96. Upon information and belief, Moncada and numerous other similarly situated individuals have been harmed and damaged by Progressive's claims settlement practices as described herein, including but not limited to the amount of all monies owed to third-party claimants for inherent diminution in value to their vehicles (with interest thereon).

## CLASS ALLEGATIONS

97. Reese and Moncada on behalf of themselves and others similarly situated, brings this action as a class action in accordance with Massachusetts Rule of Civil Procedure 23.

98. Reese, Moncada and the Class of persons they seek to represent include:

> All individual claimants who made a claim against Progressive under Part 4 of the Standard Massachusetts Automobile Policy in connection with damage to their motor vehicle resulting from a collision with a Progressive insured (or a Progressive insured vehicle), and wherein:

> (a)  Progressive determined that its insured (or insured vehicle driver) was/were legally liable for the property damage loss to the claimant's automobile;

> (b)  Progressive has already partially paid a third-party property damage claim, either to the claimant, the repair shop and/or a subrogating insurer (or other person or entity);

> (c)  The subject vehicle suffered structural damage as a result of the collision, or the cost to repair the vehicle was in an amount in excess of $500.00; and

> (d)  Progressive has, as of yet, not resolved with said claimant a claim for IDV associated with the subject loss.

> Excluded from the Class: All individuals who presently have a civil action pending against Progressive regarding the subject dispute (excepting the Plaintiff) or possessed a leased vehicle at the time of the subject collision.

99. Progressive's acts and omissions as outlined herein were committed willfully, knowingly, and/or in bad faith.

100. The members of the Class are so numerous that joinder of all members would be impracticable.

101. The members of the Class are readily ascertainable, as Progressive collects, maintains and stores all information related to third-party property damage claims.

102. Reese's and Moncada's claims are typical of the claims of other members of the Class, as all members of the Class have been similarly affected by Progressive's uniform practice relating to its failure to tender and/or pay inherent diminution in value damages on third-party property damage claims under Part 4 of its Massachusetts Automobile Insurance Policy.

103. Reese and Moncada will fairly and adequately protect the interests of the Class and is represented by counsel experienced in complex class action litigation.

104. Common questions of law and fact exist and predominate over any questions of law or fact which may affect only individual Class Members. Common questions of law and fact include:

   A. Whether Reese and Moncada and the Class are entitled to inherent diminution in value damages as part of their third-party property damage claims;

   B. Whether Progressive's failure to tender and/or pay inherent diminution in value damages on third-party claims under Part 4 of the Standard Massachusetts Automobile Policy constitutes a violation of, *inter alia*: M.G.L. c. 176D, § 3(9)(c); M.G.L. c. 176D, § 3(9)(d); M.G.L. c. 176D, § 3(9)(f) and/or M.G.L. c. 176D, § 3(9)(n), and if so whether such acts were committed willfully and/or knowingly;

   C. Whether Progressive's failure to tender and/or pay inherent diminution in value damages to third-party property damage claimants violates its duties under the terms of the policies it issued to its insureds;

D.   Whether Progressive's failure to tender and/or pay inherent diminution in value damages to third-party property damage claimants constitutes breaches of its contracts of insurance with Plaintiff and Class Members;

E.   Whether Progressive's failure to tender and/or pay inherent diminution in value damages to third-party property damage claimants violates other Massachusetts Statutory and/or regulatory law.

F.   The applicable statute of limitations to be determined on any or all of the successful causes of action;

G.   Whether Progressive should be permanently enjoined from continuing the practice which is the subject matter of this civil action; and

H.   Whether Reese, Moncada, and/or the Class are entitled to damages, and if so the proper measure of damages.

105. A class action will cause an orderly and expeditious administration of the claims of the Class.

106. A class action will foster economies of time, effort and expense to ensure uniformity of decisions, presenting the most efficient manner of adjudicating the claims set forth herein.

## COUNT I
## BREACH OF CONTRACT

107. Reese, Moncada, and the Class repeat and re-allege the allegations set forth above.

108. The Policy of insurance issued by Progressive to its insured, constituted a valid/binding contract.

109. The policies of insurance issued by Progressive to its other insureds (against whom Class members made property-damage claims) constituted contracts.

110. Progressive insurance policies included a promise to pay third-party claimants whose property was damaged as a result of the insured's liability.

111. IDV is a damage recognized and due and payable under Part 4 of the Standard Automobile Policy.

112. Progressive insurance policies included a promise to pay Reese, Moncada, and Class Members, when Progressive insureds were found to be liable, for amounts that a third-party claimant would be legally entitled to collect from said insureds.

113. Reese was a third-party beneficiary of the contract of insurance between Hernandez's and Progressive.

114. Moncada was a third-party beneficiary of the contract of insurance between Esteban-Esteban and Progressive.

115. Progressive acknowledged that Reese is a third-party beneficiary of the contract of insurance between Hernandez's and Progressive by making partial payments under Part 4 of the subject policy.

116. Progressive acknowledged that Moncada is a third-party beneficiary of the contract of insurance between Esteban-Esteban and Progressive by making partial payments under Part 4 of the subject policy.

117. Progressive acknowledged its duty to perform under the subject Policies when it made partial payments under Part 4 of the respective Policies.

118. Progressive determined its insured (or the individual covered by the insured's policy) was liable for the subject collision.

119. Class Members were third-party beneficiaries of the contracts of insurance between Progressive and its subject insureds.

120. Progressive acknowledged that Class Members are third-party beneficiaries of the contract of insurance between Progressive and its insureds by making partial payments under Part 4 of the subject policies to all Class Members.

121. In every subject claim made by Class Members, Progressive determined its insured (or an individual covered under a policy of its insureds) to be liable for the subject collision.

122. Progressive insurance policies included a promise to pay Reese, Moncada, and Class Members, when Progressive insureds are found to be liable for amounts that a third-party claimant would be legally entitled to collect from said insureds, which amounts include inherent diminution in value damages.

123. Progressive's partial payments to Reese, Moncada, and Class Members constituted recognition that Reese, Moncada, and Class Members were the intended beneficiaries of the policies of insurance issued by Progressive to its insureds.

124. Progressive was required to pay inherent diminution in value damages to Reese, Moncada, and Class Members in accordance with the terms of the policies issued to its insureds.

125. At the time Progressive adjusted the repair aspects of the subject property damage claims, it possessed all the information necessary to adjust the demand for IDV damages.

126. Progressive was required to pay inherent diminution in value damages to Reese, Moncada, and Class Members at the time it adjusted their respective property damage claims.

127. Progressive did not pay inherent diminution in value damages to Reese, Moncada, and Class Members in accordance with the terms of the policies issued to its insureds.

128. Progressive's failure to pay inherent diminution in value damages to Reese, Moncada, and Class Members in accordance with the terms of the policies issued to its insureds constituted breach(es) of contract.

129. Reese, Moncada, and Class Members have suffered damages as a result of Progressive's breach(es) of contract, including, but not necessarily limited to, all unpaid inherent diminution in value damages, with interest thereon.

      **WHEREFORE**, Reese, Moncada, and Class Members respectfully request that this Court enter Judgment against Progressive for its breach(es) of contract and award damages to adequately compensate Plaintiff and the Class.

## COUNT II
## VIOLATIONS OF M.G.L. c. 93A
**(Plaintiffs and Class Members v. Progressive)**

130. Reese, Moncada, and the Class repeat and re-allege the allegations set forth above.

131. Plaintiffs allege that the acts and omissions of Progressive, as set forth herein, were committed willfully, knowingly and/or in bad faith.

132. IDV damage is an aspect of a property damage claim that an insurer must adjust upon presentment of a claim.

133. Progressive was required to pay Plaintiffs damages for the diminution in value to their vehicle as a result of the subject collisions.

134. Progressive failed to tender to Plaintiffs and other putative Class Members the fair market value of the diminution of value damages their vehicles sustained as a result of the negligent acts of Progressive's insureds.

135. Progressive has a business policy and practice of not adjusting diminution in value claims when adjusting third-party property damage claims, unless specifically demanded to do so by the third-party claimant.

136. Requiring that a third-party claimant make a separate demand for the IDV aspect of their property damage claim is unfair and deceptive.

137. Failing to determine diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive business practice.

138. Failing to tender diminution in value damages to third-party damage claimants, as set forth herein, is an unfair and deceptive business practice.

139. Failing to determine diminution in value damages to third-party damage claimants, in accordance with the requirements of its policies of insurance is an unfair and deceptive business practice.

140. Failing to tender diminution in value damages to third-party damage claimants, in accordance with the requirements of its policies of insurance is an unfair and deceptive business practice.

141. As a result of Progressive's failure to determine, and tender, the fair market value of the diminution of value damages suffered by Plaintiffs and the putative Class, Plaintiffs and putative Class Members have been damaged.

142. As a result of Progressive's failure to determine, and tender, diminution in value damages in connection with their third-party property damage claims, Plaintiffs and putative Class Members have suffered damages, including but not limited to, the fair market value of the diminution in value sustained by the subject vehicles, with interest thereon.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter Judgment against Progressive for its violations of M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiffs and the putative Class.

**COUNT III**
**VIOLATIONS OF M.G.L. c. 93A**
**(For Violations of M.G.L. c. 176D, § 3(9)(c))**
**(Plaintiffs and Class Members v. Progressive)**

143. Reese, Moncada, and the Class repeat and re-allege the allegations set forth above.

144. Plaintiffs allege that the acts and omissions of Progressive, as set forth herein, were committed willfully, knowingly and/or in bad faith.

145. IDV damage is an aspect of a property damage claim that an insurer must adjust upon presentment of a claim.

146. Pursuant to M.G.L. c. 176D, § 3(9)(c), Progressive was required, *inter alia*, to adopt and implement reasonable standards for the prompt investigation of claims arising under its insurance policies.

147. Progressive failed to adopt and implement reasonable standards for the prompt investigation of all aspects of third-party property damages claims, including but not limited to, reasonably assessing Plaintiffs' and putative Class Members' respective IDV damages.

148. Refusing to proactively adjust the IDV aspect of a Property Damage Claim, once liability of Progressive's insured's is established, violates M.G.L. c. 176D, § 3(9)(c).

149. Refusing to proactively adjust the IDV aspect of a Property Damage Claim, once a property damage  claim is made, violates M.G.L. c. 176D, § 3(9)(c).

150. By failing to adopt and implement reasonable standards for the prompt investigation of all aspects of Plaintiffs' property damage claim, including the fair market value of the diminution in value damage their vehicles sustained, Progressive failed to tender Plaintiffs or the putative Class the fair market value of the diminution in value damage that their vehicles sustained.

151. Progressive's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(c).

152. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and putative Class Members have been damaged.

153. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and putative Class Members have suffered damages, including but not limited to, the unpaid fair market value of the diminution in value damage that their vehicles sustained, with interest thereon.

      **WHEREFORE**, Plaintiffs respectfully request that this Court enter Judgment against Progressive for its violations of M.G.L. c. 176D, § 3(9)(c) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiffs and the Class.

**<u>COUNT IV</u>**
**<u>VIOLATIONS OF M.G.L. c. 93A</u>**
**(For Violations of M.G.L. c. 176D, § 3(9)(d))**
**(Plaintiffs and Class Members v. Progressive)**

154. Reese, Moncada, and the Class repeat and re-allege the allegations set forth above.

155. Plaintiffs allege that the acts and omissions of Progressive, as set forth herein, were committed willfully, knowingly and/or in bad faith.

156. IDV damage is an aspect of a property damage claim that an insurer must adjust upon presentment of a claim.

157. Pursuant to M.G.L. c. 176D, § 3(9)(d), Progressive was not permitted to, *inter alia*, fail and/or refuse to pay the subject claims without conducting a reasonable investigation based upon all available information.

158. Pursuant to M.G.L. c. 176D, § 3(9)(d), Progressive was not permitted to, *inter alia*, fail and/or refuse to pay Plaintiffs and Class Members third-party property damage claims, including the fair market value of the diminution in value damages that their vehicles sustained, without conducting a reasonable investigation based upon all available information.

159. Progressive did not conduct a reasonable investigation based upon all available information with respect to Plaintiffs' and the putative Class's diminution in value damages their vehicles sustained.

160. Requiring that a claimant make a separate or subsequent demand for the IDV aspect of the property damage claim before conducting a reasonable investigation based upon all available information is a violation of M.G.L. c. 176D, § 3(9)(d).

161. Progressive's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(d).

162. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and putative Class Members have been damaged.

163. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and putative Class Members have suffered damages, including but not limited to, the unpaid fair market value of the diminution in value damage that their vehicles sustained, with interest thereon.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter Judgment against Progressive for its violations of M.G.L. c. 176D, § 3(9)(d) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiffs and the putative Class.

### COUNT V
### VIOLATIONS OF M.G.L. c. 93A
### (For Violations of M.G.L. c. 176D, § 3(9)(f))
### (Plaintiffs and Class Members v. Progressive)

164. Reese, Moncada, and the Class repeat and re-allege the allegations set forth above.

165. Plaintiffs allege that the acts and omissions of Progressive, as set forth herein, were committed willfully, knowingly and/or in bad faith.

166. IDV damage is an aspect of a property damage claim that an insurer must adjust upon presentment of a claim.

167. M.G.L. c. 176D, § 3(9)(f) mandates that an insurance company must effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear.

168. Progressive has a practice of tendering no offers or inequitable offers of settlement to third-party property damage claimants.

169. At the time of Plaintiffs' subject underlying collisions, Progressive's duties under its insureds' policies became clear.

170. At the time of each Class Members' subject underlying collision, Progressive's duties under its insureds' policies became clear.

171. At the time Progressive began making payments to Plaintiffs and each putative Class Member under its insureds' policies, Progressive's liability under the same policies had become reasonably clear.

172. Despite accepting liability by making payments under its insureds' policies, Progressive refused to adjust and effectuate prompt, fair and equitable settlements to Plaintiffs and each putative Class Member with respect to their remaining IDV damages.

173. Progressive's requiring that Claimants make a separate or subsequent claim for the IDV aspect of their property damage claim is an unfair and deceptive act.

174. Offering an inequitable amount of damages regarding a claim involving diminution in value damages constitutes an unfair and deceptive business practice.

175. Offering no damage payment regarding a claim involving diminution in value damages constitutes an unfair and deceptive business practice.

176. Progressive failed to effectuate prompt, fair, and equitable settlements of Plaintiffs' diminution in value damages claims, which claims involved claims of reasonably clear liability.

177. Progressive failed to effectuate prompt, fair, and equitable settlements of putative Class Members' diminution in value damages claims, which claims involved claims of reasonably clear liability.

178. Progressive's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(f).

179. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and putative Class Members have been damaged.

180. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and putative Class Members have suffered damages, including but not limited to, the unpaid amount of the fair market value of the diminution in value of their vehicles, with interest thereon.

   **WHEREFORE**, Plaintiffs respectfully request that this Court enter Judgment against Progressive for its violations of M.G.L. c. 176D, § 3(9)(f) and M.G.L. c. 93A and award multiple damages, costs and attorneys' fees to adequately compensate Plaintiffs and the putative Class.

### COUNT VI
### VIOLATIONS OF M.G.L. c. 93A
**(For Violations of M.G.L. c. 176D, § 3(9)(n))**
**(Plaintiffs and Class Members v. Progressive)**

181. Reese, Moncada, and the Class repeat and re-allege the allegations set forth above.

182. Plaintiffs allege that the acts and omissions of Progressive, as set forth herein, were committed willfully, knowingly and/or in bad faith.

183. IDV damage is an aspect of a property damage claim that an insurer must adjust upon presentment of a claim.

184. Progressive was/is aware of its legal duty to pay Plaintiffs and putative Class Members the fair market value of the diminution in value damages as part of their respective third-party property damage claims.

185. M.G.L. c. 176D, § 3(9)(n) mandates that it is an unfair claim settlement practice to fail "to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement."

186. Progressive failed to offer Plaintiffs and the Class the reasonable compensation for the diminution in value damages due and owing; and further, did not provide any reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for its offer of a compromised settlement.

187. Progressive's acts and omissions as set forth herein constitute violations of M.G.L. c. 176D, § 3(9)(n).

188. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and Class Members have been damaged.

189. As a result of Progressive's violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A, § 2 (as set forth herein), Plaintiffs and putative Class Members have suffered damages, including but not limited to, the unpaid fair market diminution in value that their vehicles sustained, with interest thereon.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter Judgment against Progressive for its violations of M.G.L. c. 176D, § 3(9)(n) and M.G.L. c. 93A and award

multiple damages, costs and attorneys' fees to adequately compensate Plaintiffs and the putative Class.

## COUNT VII
## DECLARATORY JUDGMENT

190. Reese, Moncada, and the Class repeat and re-allege the allegations set forth above.

191. There exists an actual controversy as to whether Progressive, pursuant to Massachusetts statutory, common law, and/or under the terms of its insurance policies, is required to include the fair market value of diminution in value damages when it tenders/pays third-party property damage repair claims.

192. There exists a controversy as to when Progressive must adjust and tender the IDV aspect of a third-party's property damage claim.

193. Plaintiffs and the putative Class are entitled to a declaration as to what monies Progressive is legally required to pay third-party claimants when Progressive has determined that its insured is liable for the associated third-party property damage claim.

194. Plaintiffs and the putative Class are entitled to a declaration that all diminution in value damages should be, and are required to be, paid and/or tendered to third-party claimants once Progressive has determined its insured is liable for the associated third-party property damage claim.

**WHEREFORE**, Plaintiffs and putative Class Members demand that this Honorable Court declare that Massachusetts law and the applicable provisions of the policies of insurance issued to its insureds required that Progressive include in any and all tenders and/or payments to third-party claimants the requisite diminution in value damages as set forth herein.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated,

demand judgment against Progressive as follows:

A.    An order determining that this action is a proper class action and certifying Plaintiffs as representatives of the putative class;

B.    An order appointing Plaintiffs' counsel as competent legal representatives of the putative class in this action;

C.    An order determining that the acts of Progressive as described herein constitute violations of any or all of the following statutes and regulations: M.G.L. c. 93A, § 2; M.G.L. c. 176D, § (3)(9)(c); M.G.L. c. 176D, § (3)(9)(d); M.G.L. c. 176D, § (3)(9)(f) and/or M.G.L. c. 176D, § 3(9)(n);

D.    An order determining that the acts of Progressive as described herein constituted breaches of contract;

E.    An order determining that Plaintiffs and other putative Class Members were the intended third-party beneficiaries of the polices of insurance at issue in this claim;

F.    An order awarding Plaintiffs and the putative Class damages, together with interest, costs, and reasonable attorneys' fees;

G.    An order determining the appropriate statute of limitations applicable to this action;

H.    An order determining the that the acts and omissions of Progressive as set forth herein were committed willfully, knowingly and/or in bad faith;

I.    An order permanently enjoining Progressive from continuing the unlawful practice which is the subject matter of this action;

J.    An order awarding Plaintiffs an appropriate stipend for acting as class representatives; and

K.    An order awarding Plaintiffs and the class any further relief as may be just and appropriate.

**JURY DEMAND**

Reese and Moncada on behalf of themselves and all others similarly situated, hereby demand trial by jury on all counts of this Complaint, which are triable by a jury.

Respectfully Submitted,
The Plaintiffs,
By their Attorneys,


/s/ Kevin J. McCullough
Kevin J. McCullough
BBO# 644480
Robert J. Hartigan
BBO# 697304
Mazow | McCullough, PC
10 Derby Square, 4th Floor
Salem, MA 01970
Phone (978) 744-8000
Fax (978) 744-8012
kjm@helpinginjured.com
rjh@helpinginjured.com

Dated: June 17, 2022


**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the within document was filed electronically on June 17, 2022, and will be served upon the attorney of record for each other party via the ECF system.


/s/ Robert J. Hartigan
Robert J. Hartigan