UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JESSICA REESE and DAVID MONCADA, on behalf of themselves and all others similarly situated, | * * * * * * | |
| Plaintiffs, | * * | Civil Action No. 22-cv-10539-ADB |
| v. | * * | |
| PROGRESSIVE DIRECT INSURANCE COMPANY, | * * * | |
| Defendant. | * * | |

**MEMORANDUM AND ORDER GRANTING MOTION TO DISMISS**

BURROUGHS, D.J.

In this putative class action, Jessica Reese ("Reese") and David Moncada ("Moncada," collectively, "Plaintiffs") bring suit against Progressive Direct Insurance Company ("Defendant"), alleging breach of contract, violations of Mass. Gen. Laws ch. 93A, and Mass. Gen. Laws ch. 176D, § 3(9)(c), (d), (f), and (n), and requesting declaratory judgment. [ECF No. 9 ("Am. Compl.") ¶¶ 107–94]. Pending before the Court is Defendant's motion to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [ECF No. 16].

For the reasons set forth below, Defendant's motion to dismiss, [ECF No. 16], is GRANTED.

I.     BACKGROUND

The following relevant facts are taken primarily from the amended complaint, which the Court assumes to be true when considering a motion to dismiss. Ruivo v. Wells Fargo Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). The Court also considers the Massachusetts Automobile

Insurance Policy 2016 Edition, [ECF No. 18-1], because the document's authenticity is not disputed and it is central to resolving Plaintiffs' claims. Barry v. UMass Mem'l Med. Ctr., Inc., 245 F. Supp. 3d 323, 324 n.1 (D. Mass. 2017) (citing Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007); see also Clorox Co. P. R. v. Proctor & Gamble Com. Co., 228 F.3d 24, 32 (1st Cir. 2000) ("[I]t is well-established that in reviewing the complaint, we may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint, without converting the motion into one for summary judgment.") (internal citations and quotation marks omitted).

### A.     Factual Background

The alleged facts underlying this action are quite limited. On October 24, 2019, Reese's vehicle was damaged in a collision with one of Defendant's insureds. [Am. Compl. ¶¶ 3–4,[1] 6]. Following the accident, Defendant determined that its insured's insurance policy (the "2016 Standard Policy"), covered the loss. [Id. ¶ 9]. Subsequently, on September 28, 2020, Moncada's vehicle was involved in a separate motor vehicle collision, which was caused by the negligence of another of Defendant's insureds. [Id. ¶¶ 50–51, 53]. After the crash, Defendant again determined that the insured's policy, also the 2016 Standard Policy, covered the loss. [Id. ¶ 56].

The relevant provision of the 2016 Standard Policy, Part 4 ("Damage to Someone Else's Property"), provides as follows:

> Under this Part, we will pay damages to someone else whose auto or other property is damaged in an accident. The damages we will pay are the amounts that person is legally entitled to collect for property damage through a court judgment or settlement. We will pay only if you or a household member is legally responsible for the accident. We will also pay if someone else using your auto with your consent is legally responsible for the accident. Damages include any applicable sales tax

---

[1] The Court notes a scrivener's error in the numbering of the paragraphs in the amended complaint. The Court here refers to ¶¶ 3–4 of the section of the amended complaint titled "Factual Allegations".

> and the costs resulting from the loss of use of the damaged property. The amount we will pay does not include compensation for physical damage to your auto or towing or recovery of your auto or any decreased value or intangible loss claimed to result from the property damage unless otherwise required by law.

[ECF No. 18-1 at 10]. The policy also provides, in the "Legal Action Against Us" subsection of the "General Provisions and Exclusions" section:

> We may not be sued for payment under . . . Damage to Someone Else's Property (Part 4) . . . until the obligation to pay, of a person seeking or entitled coverage . . . , is finally determined by judgment after trial against that person, or by written agreement between that person, the claimant, and us. No one will have the right to make us a party to a lawsuit to determine the liability of a person seeking or entitled to coverage.

[ECF No. 18-1 at 24].

Defendant made payments to Plaintiffs under Part 4 of the Policy, [Am. Compl. ¶¶ 7–9, 54–56, 115–17, 123], but did not pay Plaintiffs for the "inherent diminished value" ("IDV") of their vehicles as a result of the accidents, [id. ¶¶ 26, 37–39, 73, 84–86]. IDV accounts for the fact that a vehicle that has been involved in a collision and suffered damage is worth less on the resale market than a comparable vehicle that has not suffered damage, even after that damage is repaired. [Id. ¶ 20]. Reese and Moncada thereafter filed requests for their vehicles' IDV on, respectively, March 2 and March 22, 2021, [id. ¶¶ 10, 57–58], which Defendant denied, [id. ¶¶ 37, 73].

B.   **Procedural History**

Reese filed the initial complaint in Essex Country Superior Court on March 10, 2022, [ECF No. 1 ¶ 1], and Defendant removed the case to this Court on April 12, 2022, [id. at 1]. On June 17, 2022, Reese and Moncada filed the amended complaint, which added Moncada as a plaintiff and brought additional claims. [Am. Compl.]. Defendant moved to dismiss the

3

amended complaint on August 26, 2022, [ECF No. 16], and Plaintiffs opposed the motion on September 9, 2022, [ECF No. 19].

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept as true all well-pled facts, analyze those facts in the light most favorable to the plaintiffs, and draw all reasonable inferences from those facts in favor of the plaintiffs. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). Additionally, "a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice." MIT Fed. Credit Union v. Cordisco, 470 F. Supp. 3d 81, 84 (D. Mass. 2020) (citing Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011)).

A complaint "must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Cardigan Mountain Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015) (quoting Fed. R. Civ. P. 8(a)(2)), and must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988).  Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

III.     DISCUSSION

    A.     **Breach of Contract**

As courts in this District and the Commonwealth have acknowledged, "[t]he interpretation of an insurance policy is a question of law." Merullo v. Amica Mutual Ins. Co., No. 22-cv-10410, 2022 WL 17417717, *2 (D. Mass. Dec. 5, 2022) appeal docketed, No. 23-1005 (1st Cir. Jan. 3, 2023) (quoting Mass. Insurers Insolvency Fund v. Premier Ins. Co., 869 N.E.29 576, 581 (Mass. 2007)).  In construing an insurance policy, we must first consider "the actual language of the policies, given its plain and ordinary meaning." Clark Sch. for Creative Learning, Inc. v. Phila. Indem. Ins. Co., 734 F.3d 51, 55 (1st Cir. 2013) (quoting Brazas Sporting Arms, Inc. v. Am. Empire Surplus Lines Ins. Co., 220 F.3d 1, 4 (1st Cir. 2000)).  "A policy of insurance whose provisions are plainly and definitely expressed in appropriate language must be enforced in accordance with its terms." Clark Sch. for Creative Learning, Inc., 734 F.3d at 55 (quoting Cody v. Conn. Gen. Life Ins. Co., 439 N.E.2d 234, 237 (Mass. 1982)).  In interpreting the contract, the Court is "guided by 'what an objectively reasonable insured, reading the relevant policy language, would expect to be covered.'" McGilloway v. Safety Ins. Co., 174 N.E.3d 1191, 1196 (Mass. 2021) (quoting Hazen Paper Co. v. U.S. Fid. & Guar. Co., 555 N.E.2d 576, 583 (Mass. 1990)).

    Despite the plain terms of the relevant policy language excluding third-party recovery of IDV claims, Plaintiffs allege that Defendant is nonetheless liable for such claims.  [ECF No. 19 at 4–10].  The Court disagrees.  Although the Massachusetts Supreme Judicial Court ("SJC") has previously interpreted a Massachusetts standard insurance policy that did *not* explicitly exclude recovery for IDV damages to provide for such damages, see McGilloway, 174 N.E.3d at 1197, the standard insurance policy at issue here expressly excludes IDV damages.  Compare [ECF No.

18-1 at 10] with McGilloway, 174 N.E.3d at 1199.  Specifically, the last sentence of the first paragraph of Part 4 of the 2016 Standard Policy states that "[t]he amount we will pay does not include compensation for . . . any decreased value or intangible loss claimed to result from the property damage unless otherwise required by law."  [ECF No. 18-1 at 10].  The Court finds that the policy's plain language is unambiguous and concludes that the policy does not provide for third-party recovery of IDV damages.  Accord Merullo, 2022 WL 17417717 at *2–3.

Plaintiffs argue that notwithstanding the policy's express exclusion of coverage for IDV damages, Mass. Gen. Laws ch. 90, § 34O mandates such coverage.  "Massachusetts requires automobile insurers to use standard policies."  Martins v. Vt. Mutual Ins. Co., 411 F. Supp. 3d 166, 169 (D. Mass. 2019) (citing Colby v. Metro. Prop. & Cas. Ins. Co., 652 N.E.2d 128, 131 (Mass. 1995), rev'd on other grounds, No. 19-cv-01878, 2021 WL 9549392 (1st Cir. 2021)).  The types of coverage that must be included in a standard policy are set forth in Mass. Gen. Laws ch. 90, §34O.  Id.  The statute provides that "[e]very insurer issuing or executing a motor vehicle liability policy . . . shall also provide property damage liability coverage for the policyholder . . . .  Property damage liability insurance is insurance containing provisions as prescribed in this section, among such other provisions, including conditions, exclusions, and limitations, as the commissioner of insurance may approve."  Mass. Gen. Laws ch. 90, §34O.  Section 34O further states that "[e]very policy of property damage liability insurance shall provide that the insurer will pay on behalf of the insured all sums the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including loss of use thereof, caused by accident and arising out of the ownership, maintenance or use, . . . of the insured motor vehicle . . . ."  Id.  In other words, the statute provides that "the policy in question must conform to [the] statute" and requires that insurers provide property damage

liability coverage but it is left to "the Commissioner of Insurance . . . [to decide] what the terms of a standard policy will be . . . ," Colby, 652 N.E.2d at 131, including that the Commissioner "may approve" "conditions, exclusions, and limitations" to property damage coverage, Mass. Gen. Laws ch. 90, § 34O.  Here, the Commissioner approved the 2016 Policy, which plainly excludes IDV damages.  The Court therefore concludes that Mass. Gen. Laws ch. 90, § 34O does not compel Defendant to cover IDV damages.

For all the above reasons, Plaintiffs claim for breach of contract fails (Count I) and is properly dismissed.

### B.     Chapter 93A and 176D Claims

Plaintiffs additionally bring claims pursuant to Chapter 93A (Count II) and Chapter 176D (Counts III, IV, V, and VI).  [Am. Compl. ¶¶ 130–89].  Chapter 93A provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" are unlawful.  Mass. Gen. Laws ch. 93A, § 2.  "To be actionable, the challenged misconduct must rise to the level of an 'extreme or egregious' business wrong" or otherwise "rais[e] 'an eyebrow of someone inured to the rough and tumble of the world of commerce.'" Peabody Essex Museum, Inc. v. United States Fire Ins. Co., 802 F.3d 39, 54 (1st Cir. 2015) (quoting Baker v. Goldman Sachs & Co., 771 F.3d 37, 49–51 (1st Cir. 2014)).

Chapter 176D, for its part, defines "unfair methods of competition and unfair or deceptive acts or practices in the business of insurance."  Mass. Gen. Laws ch. 176D, § 3.  Most relevant here, subsection 9 sets forth examples of such unfair conduct, including the following acts that Plaintiffs allege Defendant engaged in: "[f]ailing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies," Mass. Gen. Laws ch. 176D, § 3(9)(c); "[r]efusing to pay claims without conducting a reasonable

7

investigation based upon all available information," id. § 3(9)(d); "[f]ailing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear," id. § 3(9)(f); and "[f]ailing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim," id. § 3(9)(n). Courts have held that a party's violation of Chapter 176D "amounts to an unfair or deceptive act or practice for purposes of claims made under [Chapter] 93A." Rawan v. Cont'l Cas. Co., 136 N.E.3d 327, 335 (Mass. 2019); see Hopkins v. Liberty Mut. Ins. Co., 750 N.E.2d 943, 948 (Mass. 2001) ("176D . . . was designed to remedy a host of possible violations in the insurance industry and to subject insurers committing violations to the remedies available to an injured party under [Chapter] 93A.").

However, "[r]ecovery under [Chapter 93A] for a violation of [Chapter] 176D, § 3(9), is unlikely when '[a]n insurance company . . . in good faith denies a claim of coverage on the basis of a plausible interpretation of its insurance policy.'" McGilloway, 174 N.E.3d at 1200 (quoting Gulezian v. Lincoln Ins. Co., 506 N.E.2d 123, 127 (Mass. 1987)). That is because "a good faith dispute as to whether money is owed . . . is not the stuff of which a [Chapter] 93A claim is made." Id. (quoting Duclersaint v. Fed. Nat'l Mortg. Ass'n, 696 N.E.2d 536, 540 (Mass. 1998)).

Applying that legal framework to the pending claims, the Court finds that because Defendant's "interpretation [of the Policy] was not only plausible, but also correct," failure to cover Plaintiffs' claims for IDV damages does not rise to the level of an unfair or deceptive act under 93A. Merullo, 2022 WL 17417717 at *4. Moreover, Plaintiffs have failed to "point to 'any evidence of bad faith or ulterior motives'" for the rejection of the IDV claims. Id. (quoting McGilloway, 174 N.E.3d at 1200). The Court therefore GRANTS Defendant's motion to dismiss Counts II, III, IV, V, and VI.

### C. Declaratory Judgment

Plaintiffs also seek a declaration that they, and all putative class members, are entitled to IDV damages. [Am. Compl. ¶ 194 (Count VII)]. "When evaluating a motion to dismiss a claim for declaratory relief under rule 12(b)(6), a judge must proceed in two steps." Buffalo-Water 1, LLC v. Fid. Real Est. Co., LLC, 111 N.E.3d 266, 272 (Mass. 2018). A judge must first "determine whether the claim was 'properly brought,'" meaning that "the plaintiff demonstrates that an actual controversy exists," "that the plaintiff has legal standing to sue," "and that all necessary parties have been joined." Id. (citations omitted). Once the judge has established that the claim is "properly brought," they must next "determine[e] whether the facts alleged by the plaintiff in the complaint, if true, state a claim for declaratory relief that can survive a defendant's motion to dismiss." Id. Here, although the claim has been properly brought, for the reasons stated above, the Court concludes that Plaintiffs' underlying claims do not state a claim upon which relief can be granted, so the request for declaratory judgment is also denied. See Merullo, 2022 WL 17417717, at *5.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss, [ECF No. 16], is GRANTED.

**SO ORDERED.**

February 10, 2023                                            /s/ Allison D. Burroughs
                                                             ALLISON D. BURROUGHS
                                                             U.S. DISTRICT JUDGE